NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIO SANTIAGO-SARABIA, | No. 21-70597 |
| Petitioner, | Agency No. A205-576-467 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2026
Phoenix, Arizona

Before: GRABER, HURWITZ, and DESAI, Circuit Judges.

Petitioner Mario Santiago-Sarabia, a native and citizen of Mexico, timely seeks review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying cancellation of removal and voluntary departure. Reviewing de novo the legal and constitutional issues that Petitioner raises, Gutierrez-Alm v. Garland, 62 F.4th

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1186, 1194 (9th Cir. 2023), we deny the petition.

1. The "good moral character" catchall provision found at 8 U.S.C. § 1101(f) is not unconstitutionally vague as applied to Petitioner. Petitioner was convicted in 2010 and 2013 for driving under the influence of intoxicants ("DUI"). After those two convictions, the government issued him a notice to appear. In 2014, Petitioner was convicted of DUI a third time. In 2018, he was arrested for DUI for a fourth time, and the criminal charge was pending at the time of his hearing before the IJ. The BIA concluded that Petitioner's DUI arrests and convictions reflected poorly on his moral character.

Whatever vagueness concerns may exist in the abstract, see, e.g., Konigsberg v. State Bar of Cal., 353 U.S. 252, 262–63 (1957); Johnson v. United States, 186 F.2d 588, 589–90 (2d Cir. 1951), the "good moral character" catchall provision in 8 U.S.C. § 1101(f) is not unconstitutionally vague as applied to Petitioner. DUI is universally criminalized in this country, and it creates a significant risk of harm to innocent bystanders. See, e.g., Matter of Castillo-Perez, 27 I. & N. Dec. 664, 670 (A.G. 2019) (citing "a national consensus that drunk and other forms of impaired driving are unacceptable conduct that imposes intolerable harms on society" in concluding that "[m]ultiple DUI convictions represent a repeated failure to meet the community's moral standards"); Birchfield v. North Dakota, 579 U.S. 438, 443 (2016) ("Drunk drivers take a grisly toll on the Nation's

2

roads."); <u>Ledezma-Cosino v. Sessions</u>, 857 F.3d 1042, 1047 (9th Cir. 2017) (en banc) ("Driving under the influence is, self-evidently, a public harm."). Petitioner had "fair notice" that his four arrests—including two after he received the notice to appear—reflected poorly on his character, and the agency's decision in the circumstances here is not "so standardless" that it amounts to "arbitrary enforcement." <u>Johnson v. United States</u>, 576 U.S. 591, 595 (2015); <u>see</u> <u>United States v. Dang</u>, 488 F.3d 1135, 1141 (9th Cir. 2007) (holding that "good moral character" was not vague as applied to specific criminal conduct); <u>see also</u> <u>Jordan v. De George</u>, 341 U.S. 223, 232 (1951) (holding that the phrase "crime involving moral turpitude" was indefinite in some cases but was not vague as applied to a crime involving fraud).

2. We decline to reach Petitioner's argument that the statute is vague on its face. <u>See</u> <u>Kashem v. Barr</u>, 941 F.3d 358, 377 (9th Cir. 2019) ("declin[ing] to reach" a facial vagueness challenge because the petitioner's as-applied challenge failed). No "exceptional circumstances" justify reaching the facial challenge when Petitioner's as-applied challenge fails. <u>Id.</u> In contrast to cases involving the categorical approach, which require the Court to consider an "idealized ordinary case," <u>Johnson</u>, 576 U.S. at 597, the agency here considered the "real-world facts" of Petitioner's actual conduct, <u>id.</u> Nor does the list of enumerated categories present a troubling interpretive problem. The categories vary in <u>degree</u> of

3

immorality but they do not vary in <u>kind</u> in the way that the Court found problematic in <u>Johnson</u>. <u>See id.</u> at 603 ("The phrase 'shades of red,' standing alone, does not generate confusion or unpredictability; but the phrase 'fire-engine red, light pink, maroon, <u>navy blue</u>, or colors that otherwise involve shades of red' assuredly does so." (citation omitted)).

3. The statute provides an "intelligible principle" and therefore does not violate the non-delegation doctrine. <u>Whitman v. Am. Trucking Ass'ns</u>, 531 U.S. 457, 472 (2001). The "good moral character" standard is broad, but the Supreme Court has upheld, against non-delegation challenges, other broad standards such as the "public interest," <u>Nat'l Broad. Co. v. United States</u>, 319 U.S. 190, 216 (1943), and protection of "public health," <u>Whitman</u>, 531 U.S. at 472–76 (2001). The statute satisfies the "exceedingly modest limitation" imposed by the nondelegation doctrine. <u>United States v. Melgar-Diaz</u>, 2 F.4th 1263, 1266 (9th Cir. 2021).

4. We reject Petitioner's narrow construction of the statute, which would prohibit the agency from considering DUI convictions because they are a "near miss" from the enumerated "habitual drunkard" category. 8 U.S.C. 1101(f)(1). We disagree that a "near miss" necessarily prohibits the agency from concluding that a petitioner lacks good moral character. For example, the final enumerated category includes persons who have committed torture. 8 U.S.C. § 1101(f)(9). Congress cannot have intended that a person who committed heinous acts falling

short of the legal definition of torture necessarily has good moral character.

Moreover, serial convictions for DUI are not a true "near miss" for being a habitual drunkard. There is undoubtedly some overlap between the two categories, as the Attorney General recognized, Castillo-Perez, 27 I. & N. Dec. at 670 n.2, but the categories are distinct and present distinct risks of harm. Some habitual drunkards do not drive or drive only when sober; some people with DUI convictions—for example, weekend partiers—may drink only sporadically.

5. The BIA permissibly applied Castillo-Perez retroactively. In considering retroactivity, we consult the five factors announced in Montgomery Ward & Co. v. FTC, 691 F.2d 1322, 1333 (9th Cir. 1982). Reyes v. Garland, 11 F.4th 985, 992 (9th Cir. 2021); Betansos v. Barr, 928 F.3d 1133, 1143 (9th Cir. 2019). The first factor does not apply in the immigration context. Reyes, 11 F.4th at 992. The second factor supports retroactivity, because the new rule was not an "abrupt departure from well established practice." Montgomery Ward, 691 F.2d at 1333. Instead, the agency established a presumption of a lack of good moral character from conduct that always reflected poorly on character. Cf. Reyes, 11 F.4th at 996 (concluding that this factor favored the petitioner where the agency completely reversed the earlier rule that a conviction was not disqualifying). The third factor—reliance by the petitioner—also supports retroactivity, because Petitioner cannot plausibly contend that he relied on the lack of a legal presumption when he

drove while intoxicated or when he responded to the criminal charges. Even without a legal presumption, Petitioner had every incentive to introduce both evidence of good moral character and evidence diminishing the stigma of his DUI convictions. We assume, without deciding, that the fourth factor—effect on Petitioner—supports non-retroactivity. And, as Petitioner concedes, the fifth factor—the government's interest in applying a rule uniformly—supports retroactivity. Because three of the four applicable factors support retroactive application of Castillo-Perez, the BIA permissibly applied the decision to Petitioner's appeal. See Betansos, 928 F.3d at 1145–46 (upholding the retroactive application of a new rule in circumstances more sympathetic to the petitioner than the circumstances here).

6. The BIA correctly declined to consider voluntary departure. Petitioner's notice of appeal expressly challenged only the denial of cancellation of removal; it did not "put the BIA on notice" that he challenged also the denial of voluntary departure. Gonzalez-Castillo v. Garland, 47 F.4th 971, 980 (9th Cir. 2022) (quoting Ren v. Holder, 648 F.3d 1079, 1083 (9th Cir. 2011)).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for stay of removal, Dkt. No. 1, is otherwise denied.